UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.:

NICHOLE PARKER, individually
and as Mother and Natural Guardian
of V.P., a minor,

    Plaintiff,

v.

NCL (BAHAMAS), LTD.,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff sues Defendant and alleges:

**PRELIMINARY ALLEGATIONS**

1. Plaintiff, NICHOLE PARKER as an individual and as mother and natural guardian of V.P., a minor (hereinafter "Plaintiff"), The V.P is used to protect the identity of a minor.

2. Plaintiff is a citizen of Florida.

3. Defendant, NCL (Bahamas) LTD. (hereinafter "NCL"), was and is a for profit corporation with its worldwide headquarters, principal address and principal place of business at 7665 Corporate Center Drive, Miami, FL 33126.

4. This matter falls under the admiralty and maritime jurisdiction of this Court.

    a. The Plaintiff demands a jury trial pursuant to the Saving to Suitors Clause of 28 U.S.C. § 1333. This action is being pursued in this Court, as opposed to state court as otherwise allowed by the Saving to Suitors Clause of 28 U.S.C. §1333 because

LIPCON, MARGULIES, ALSINA & WINKLEMAN, P.A.

*Nichole Parker, individually and as Mother and Natural*
*Guardian of V.P., a minor v. NCL*
Complaint

NCL unilaterally inserts a forum clause into its cruise tickets that requires its passengers to file cruise-related suits *only in this Federal District and Division,* as opposed to any other place in the world.

5. Defendant, at all times material hereto, personally or through an agent:

    a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

    b. Was engaged in substantial activity within this state;

    c. Operated vessels in the waters of this state;

    d. Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193;

    e. The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state;

    f. The cruise line ticket for the Plaintiff requires that suit be brought in this Court against the named Defendant in this action.

6. Defendant NCL, as a common carrier, was engaged in the business of providing to the public and to the Plaintiff PARKER in particular, for compensation, vacation cruises aboard the vessel, *Norwegian Spirit*.

7. The parties are subject to the jurisdiction of the Courts of this state.

8. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States and the laws of the state of Florida.

9. At all times material hereto, Defendant NCL owned, operated, managed, maintained and/or controlled the vessel, *Norwegian Spirit*.

10. Plaintiff PARKER was a paying passenger on Defendant NCL's vessel. The Vessel was in navigable waters.

## COUNT I - NEGLIGENCE

*Nichole Parker, individually and as Mother and Natural Guardian of V.P., a minor v. NCL*
Complaint

Plaintiff re-alleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through ten (10) as though alleged originally herein.

11. At all times material, Plaintiff was a paying passenger and lawfully aboard the vessel *Norwegian Spirit*.

12. At all times material, Defendant NCL owed the Plaintiff a non-delegable duty to exercise reasonable care under the circumstances.

13. Alternatively, at all material times, Defendant NCL and/or its employees, engaged in certain affirmative undertakings, as hereafter alleged; and in doing so acquired a duty to exercise reasonable care in those undertakings.

14. The Defendant NCL knew or should have known that the risk of falls to its passengers aboard its cruise ships, at all relevant times, required a greater degree of reasonable care because of passengers lack of familiarity with vessel appurtenances, the pitch and roll of vessels on the high seas, and/or because the Defendant NCL, at all relevant times, actively markets its cruises to children and families.

15. On or about April 21, 2016, PARKER, a 3 year old child, was brought to a wet and slippery area on stairs adjacent to a hot tub on the pool deck by NCL's crewmembers during a dance party on the pool deck and was encouraged to dance with the NCL crewmembers who brought her there.

16. While dancing with the NCL crewmembers who brought her to the area and encouraged her to dance, PARKER slipped and fell.

17. The dangerous and hazardous condition(s) were not open and obvious to the Plaintiff and there was nothing she could have done to have prevented her incident.

18. These conditions were either created by Defendant NCL and its employees or had been in place for a sufficient period of time so that the Defendant NCL knew or should have known about

L IPCON , M ARGULIES , A LSINA & W INKLEMAN , P.A.

them through the exercise of reasonable care.

19. On or about April 21, 2016, Defendant NCL and/or its agents, servants, and/or employees breached its duty to provide Plaintiff PARKER with reasonable care under the circumstances.

20. On or about April 21, 2016, the Plaintiff PARKER was injured, due to the fault and/or negligence of Defendant NCL and/or its agents, servants, joint ventures and/or employees as follows:

a. Taking PARKER to a wet and slippery area; and/or

b. Placing PARKER on steps adjacent to hot tub; and/or

c. Encouraging PARKER to dance on steps adjacent to hot tub; and/or

d. Failure to take reasonable steps to provide for the care and safety of 3 year old passenger PARKER; and/or

e. Failure to provide reasonably safe place to dance; and/or

f. Holding dance party on pool deck while pools were operational; and/or

g. Encouraging passengers such as PARKER to dance on pool deck while pools were operational; and/or

h. Failure to provide reasonably safe flooring surface in light of its anticipated use; and/or

i. Failure to keep stairs and deck clean and dry; and/or

j. Failure to warn Plaintiff and passengers of the dangers of participating in dance party on pool deck; and/or

k. Failure to provide adequate hand rails and/or hand grabs on stairs adjacent to hot tub; and/or

l. Failure to adequately supervise minor Plaintiff; and/or

m. Failure to maintain the area where Plaintiff's incident occurred in a reasonably safe condition; and/or

*Nichole Parker, individually and as Mother and Natural Guardian of V.P., a minor v. NCL*
Complaint

n. Failure to maintain the area where Plaintiff's incident occurred free from unreasonable slipping hazard(s); and/or

o. Failure to provide adequate lighting in the area; and/or

p. Failure to provide adequately slip resistant stairs; and/or

q. Failure to warn the Plaintiff of the slipping/tripping hazard(s) posed to her; and/or

r. Failure to warn the Plaintiff of the hazard(s) posed to her due to the lack of adequate maintenance and/or inspection of the area where she suffered her incident; and/or

s. Failure to promulgate and/or enforce adequate policies and/or procedures with regard to prevent slip/trip and fall incidents from occurring aboard Defendant's cruise ships, including but not limited to: *NCL Spirit*; and/or

t. Failure to close off access to the area where Plaintiff suffered her incident until the dangerous and/or hazardous condition(s) which caused Plaintiff's incident were corrected, modified, and/or eliminated; and/or

u. Failure to properly train and instruct its employees/crewmembers; and/or

v. Failing to comply with industry standards and NCL's standards for the appropriate slip resistance and/or coefficient of friction for the public flooring/stairs aboard vessels, sufficient lighting and appropriate handrails; and/or

w. Failure to correct hazardous deck conditions following other slip and fall accidents on the same area; and/or

x. Failure to utilize adequately safe flooring and/or stair surface in light of the anticipated purpose of the deck; and/or

y. Failure to have a non-slip or non-skid flooring and/or stair surface on or around the subject area; and/or

z. Failure to place rubber mats or other non-slip coverings or substances on or around the subject area; and/or

aa. Failure to ascertain the cause of prior similar accidents happening on any of the Defendant's vessels, fleet wide, so as to take adequate measures to prevent their reoccurrence, and more particularly Plaintiff's incident; and/or all of which caused and/or contributed to the Plaintiff becoming injured when she fell on the subject stairs.

*Nichole Parker, individually and as Mother and Natural Guardian of V.P., a minor v. NCL*
Complaint

21. At all times material, Defendant NCL had exclusive custody and control of the *NCL Spirit*.

22. At all times material, Defendant NCL violated the International Safety Management Code's goals and intent and failed to have properly, adequately and safely implement the International Safety Management Code and by extension its own SQM Manual.

23. At all times material, Defendant NCL failed to have an adequate Safety Management System Manual aboard the *NCL Spirit,* and/or failed to properly implement the Safety Management System Manual aboard the *NCL Spirit*.

24. Defendant NCL knew of the foregoing conditions causing Plaintiff's incident and did not correct them, or the conditions existed for a sufficient length of time so that NCL, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

25. As a result of the negligence of NCL, the Plaintiff PARKER was injured about her body and extremities, including her head and eyes, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, physical handicap, post-traumatic stress disorder and other mental and/or nervous disorders, suffered the aggravation of any previously existing conditions and incurred medical expenses in the care and treatment of Plaintiff's injuries, including psychiatric and life care.  The Plaintiff also lost earning capacity as well as losing the benefit of Plaintiff's entire vacation, cruise and transportation costs. Further, the injuries resulting from this incident are permanent or continuing in nature and Plaintiff will suffer these losses and impairment into the future.

**WHEREFORE,** the Plaintiff PARKER, demands judgment against Defendant NCL for damages, as well as post-judgment interest to the extent allowed by law, attorneys' fees and costs as may be allowed by law, and demands trial by jury of all issues so triable under the provisions

*Nichole Parker, individually and as Mother and Natural Guardian of V.P., a minor v. NCL*
Complaint

of Fed. R. Civ. P.39 and the stipulations contained in *Leslie v. NCL Corp.*, 22 So.2d 561 (Fla. 3d DCA 2008), as well as any further relief as this Court deems just and appropriate.

        ***Respectfully submitted,***

        Lipcon, Margulies, Alsina & Winkleman, P.A.
        One Biscayne Tower, Suite 1776
        2 South Biscayne Boulevard
        Miami, Florida 33131
        Telephone: (305) 373-3016
        Facsimile: (305) 373-6204

        By: */s/ Carol L. Finklehoffe*
           CAROL L. FINKLEHOFFE
           FLORIDA BAR NO.: 0015903
           cfinklehoffe@lipcon.com
           MICHAEL A. WINKLEMAN
           FLORIDA BAR NO.: 36719
           mwinkleman@lipcon.com